UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| DANIEL KAZLAUSKAS, | : |
| | : CIVIL ACTION NO. 3:14-CV-1567 |
| Plaintiff, | : |
| | : (JUDGE CONABOY) |
| v. | : |
| | : |
| RONALD VERROCHIO, III, and | : |
| RONALD VERROCHIO, JR., | : |
| | : |
| Defendants. | : |
| | : |

## **MEMORANDUM**

Here we consider Defendants' Partial Motion to Dismiss Pursuant to F.R.C.P. 12(b)(6) (Doc. 8).  Defendants filed their motion and supporting brief (Doc. 9) on September 18, 2014.  With this motion Defendants request that the Court dismiss certain averments contained in Count I, and dismiss Counts II and III of Plaintiff's Complaint in their entirety.  (Doc. 8 at 2-4.) Plaintiff filed Plaintiff's Answer to Defendant's Partial Motion to Dismiss Pursuant to F.R.C.P. 12(B)(6) on October 8, 2014.[1]  (Doc. 11.)  Defendants filed a reply brief on October 14, 2014.  (Doc. 13.)  Therefore, this matter is ripe for disposition.  For the reasons discussed below, we conclude Defendants' motion is properly granted in part and denied in part.

---

[1] Plaintiff did not file a brief in opposition to Defendants' motion.  However, because Defendants replied to Plaintiff's Answer, we will not deem the motion unopposed pursuant to Local Rule 7.6 of the Local Rules of Court of the Middle District of Pennsylvania.

**I. Background**[2]

This action is based on a motor vehicle accident which took place on August 11, 2012.  (Doc. 9 at 1.)  Plaintiff was a rear seat passenger in a vehicle operated by Defendant Ronald Verrochio, III, the son of Defendant Ronald Verrochio, Jr., the owner of the vehicle.  (*Id.* at 1-2.)  Ronald Verrochio, III, an adult at the time of the accident, was operating his father's vehicle on a weekend camping trip with his girlfriend.  (*Id*. at 2.)  They met up with Plaintiff and another man.  (*Id.*)  Plaintiff was driving these two men to a campsite when he lost control of the vehicle, colliding with a tree and utility pole according to the Complaint.  (*Id.*)  Plaintiff alleges injuries as a result, including a fractured humerus and back and shoulder pain. (Doc. 1 ¶ 17.)

The Complaint contains three counts: Count I against Defendant Ronald Verrochio, III, alleging "gross, reckless, careless, negligent and indifferent conduct" (Doc. 1 ¶ 23); Count II against Defendant Ronald Verrochio, Jr., for "Negligent (Reckless) Entrustment" (*id.* at 7); and Count III against Defendant Ronald Verrochio, Jr., for "Negligent (Reckless) Supervision" (*id.* at 8).  Defendants aver that Counts II and III are alleged because intoxication is part of this case.  (Doc. 9 at 2.)

---

[2] Because Plaintiff did not file an opposing brief containing a counter statement of facts, the facts set out by Defendants in their supporting brief are deemed adopted by Plaintiff pursuant to Local Rule 7.8 of the Local Rules of Court of the Middle District of Pennsylvania.

Defendants seek to dismiss all counts against Defendant Ronald Verrochio, Jr., and, in the alternative, claims for punitive damages against him.  (Doc. 9 at 2.)  Defendants also request dismissal of two vague paragraphs in the allegations against Defendant Ronald Verrochio, III.  (*Id.*)  Defendants seek dismissal of these claims with prejudice.  (Doc. 8 at 4-5.)

## II. Discussion

### *A. Motion to Dismiss Standard*

In a motion to dismiss for failure to state a claim, the defendant bears the burden of showing that no claim has been presented.  *Hedges v. United States*, 404 F.3d 744, 750 (3d Cir. 2005) (citing *Kehr Packages, Inc. v. Fidelcor, Inc.*, 926 F.2d 1406, 1409 (3d Cir. 1991)).  Courts are directed to "accept all factual allegations as true, construe the complaint in the light most favorable to the plaintiff, and determine whether, under any reasonable reading of the complaint, the plaintiff may be entitled to relief."  *Phillips v. County of Allegheny*, 515 F.3d 224, 233 (3d Cir. 2008).

When reviewing a complaint pursuant to a defendant's motion to dismiss for failure to state a claim filed under Federal Rule of Civil Procedure 12(b)(6), the court does so in the context of the requirement of Federal Rule of Civil Procedure 8(a)(2) which requires only "a short and plain statement of the claims showing that the pleader is entitled to relief."  The "short and plain

3

statement" must be sufficient to "give the defendant fair notice of what the plaintiff's claim is and the grounds upon which it rests." *Conley v. Gibson*, 355 U.S. 41, 47 (1957), *abrogated on other grounds by Bell Atlantic Corp. v. Twombly*, 550 U.S. 433 (2007). *Twombly* confirmed that more is required than "labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." 550 U.S. at 555 (citing *Papasan v. Allain*, 478 U.S. 265, 286 (1986) (on a motion to dismiss, courts "are not bound to accept as true a legal conclusion couched as a factual allegation")). "Factual allegations must be enough to raise a right to relief above the speculative level on the assumption that all allegations in the complaint are true (even if doubtful in fact)." 550 U.S. at 555 (citations omitted).

In *McTernan v. City of York*, 577 F.3d 521, 530 (3d Cir. 2009), the Third Circuit Court of Appeals set out the standard applicable to a motion to dismiss in light of the United States Supreme Court's decisions in *Twombly*, 550 U.S. 433 (2007), and *Ashcroft v. Iqbal*, 556 U.S. 662, 129 S. Ct. 1937 (2009).

> "[T]o survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true to 'state a claim that relief is plausible on its face.'" *Iqbal*, 129 S.Ct. at 1949 (citing *Twombly*, 550 U.S. at 570). The Court emphasized that "only a complaint that states a plausible claim for relief survives a motion to dismiss." *Id.* at 1950.

*McTernan,* 577 F.3d at 530. *Iqbal* explained that "[a] claim has

4

facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."  556 U.S. at 678; 129 S. Ct. at 1949.

*McTernan* discussed the effects of *Twombly* and *Iqbal* in detail and provided a road map for district courts presented with a motion to dismiss for failure to state a claim in a case filed just a week before *McTernan*, *Fowler v. UPMC Shadyside*, 578 F.3d 203 (3d Cir. 2009).

> [D]istrict courts should conduct a two-part analysis.  First, the factual and legal elements of a claim should be separated.  The District Court must accept all of the complaint's well-pleaded facts as true, but may disregard any legal conclusions. [*Iqbal*, 129 S. Ct.] at 1949.  Second, a District Court must then determine whether the facts alleged in the complaint are sufficient to show that the plaintiff has a "plausible claim for relief."  *Id.* at 1950.  In other words, a complaint must do more than allege a plaintiff's entitlement to relief. A complaint has to "show" such an entitlement with its facts. *See Philips* [*v. Co. of Alleghany*], 515 F.3d [224,] 234-35 [(3d Cir.2008 )].  As the Supreme Court instructed in *Iqbal*, "[w]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged--but it has not 'show[n]'--'that the pleader is entitled to relief.'" *Iqbal*, 129 S. Ct. at 1949.  This "plausibility" determination will be "a context-specific task that requires the reviewing court to draw on its judicial experience and common sense."  *Id.*

*Fowler*, 578 F.3d at 210-11.

5

Finally, the district court must extend the plaintiff an opportunity to amend before dismissing a complaint unless amendment would be inequitable or futile. *See Grayson v. Mayview State Hosp.*, 293 F.3d 103, 108 (3d Cir. 2002).

## *B.   Defendants' Motion*

As noted above, Defendants seek dismissal of two averments in Count I, and Counts II and III of Plaintiff's Complaint. Plaintiff asserts that these claims and averments should not be dismissed.

### 1.   **Count I**

Defendant argues that two averments in Count I should be dismissed because they include vague, conclusory, and unsupported allegations concerning the conduct of Ronald Verrochio, III. (Doc. 9 at 4.)   The following averments are at issue:

> 23.   The gross, reckless, careless, negligent and indifferent conduct on the part of Ronald Verrochio, III consisted of one or more of the following.
>
> . . . .
>
> (j)   Otherwise operating the vehicle in a gross, wanton, careless, negligent manner as may be determined through the course of discovery;
>
> (k)   Operating a motor vehicle in violation of the statutes of the Commonwealth of Pennsylvania and/or the ordinances of Wayne County.

(Doc. 7 at 6-7.)

Plaintiff maintains that these allegations are proper under

6

Federal Rules of Civil Procedure 8(a)(2) and 12(b)(6). In support of the assertion Plaintiff quotes *Twombly*, 550 U.S. 544 (2007), for the proposition that Rule 12(b)(6) requires a plaintiff to "allege 'enough facts to state a claim to relief that is plausible on its face,'" *Iqbal* for the proposition that "'a claim has facial plausibility when the Plaintiff pleads factual content that allows the Court to draw the reasonable inference that the Defendant is liable for the misconduct alleged.'" (Doc. 11 at 2.)

While we agree that Plaintiff's citations are relevant to our inquiry, Plaintiff fails to point to the facts supporting the averments at issue. (*See* Doc. 11 ¶ 23.) As presented, the sections quoted above amount to legal conclusions which are properly disregarded. *See Iqbal*, 556 U.S. at 678. Thus, we dismiss the averments. Because we cannot say that amendment would be futile, we allow Plaintiff an opportunity to amend Count I within the time set out in the simultaneously filed Order.

**2.    Count II - Negligent Entrustment**

Defendant contends that Plaintiff's Negligent (Reckless) Entrustment claim against Defendant Ronald Verrochio, Jr., must be dismissed because Defendant Ronald Verrochio, Jr., had no awareness of his son's potential intoxication. (Doc. 9 at 6.) Plaintiff maintains his negligent entrustment claim is for the jury to decide. (Doc. 11 ¶ 5.) We conclude that Plaintiff's Complaint does not contain sufficient allegations to support this claim.

7

The parties agree that Pennsylvania substantive law applies to this diversity action.  (Doc. 9 at 5; Doc. 11 at 2.)  Pursuant to Section 308 of the Restatement (Second) of Torts

> [i]t is negligent to permit a third person to use a thing or to engage in an activity which is under the control of the actor, if the actor knows or should have known that such person intends or is likely to use the thing or conduct himself in the activity in such a manner as to create an unreasonable risk of harm to others.

Restatement (Second) of Torts § 308.  Comment b of § 308 states in relevant part that the rule applies

> where the actor entrusts a thing to a third person . . . if the actor knows that the third person intends to misuse it, or if the third person's known character or the peculiar circumstances of the case are such as to give the actor good reason to believe that the third person may misuse it.

Restatement (Second) of Torts § 308, comment b.  Illustrations accompanying § 308 include the following:  "A lends his car to B, whom he knows to be intoxicated.  B's intoxicated condition leads him to cause harm to C.  A is negligent to C."  *Id.* Illustration 2.  "Pennsylvania courts have expressly adopted § 308 and applied it on several occasions."  *Wittrien v. Burkholder*, 965 A.2d 1229, 1232 (965 Pa. Super. 2009).

Pennsylvania appellate courts addressing negligent entrustment in the context of a motor vehicle accident related to intoxication have found that "the required proof for the negligent entrustment claim was that the driver was intoxicated at the time the keys were

8

given to him." *Wertz v. Kephart*, 542 A.2d 1019, 1023 (Pa. Super. 1988) (citing *Robare v. Pekarcik*, 530 A.2d 534 (Pa. Commw. 1987) (citing *Gibson v. Bruner*, 178 A.2d 145 (Pa. 1961))). However, decisions from Courts of Common Pleas in Pennsylvania have applied comment b to factual scenarios in which a plaintiff was injured in a motor vehicle accident where the driver was impaired, i.e, the plaintiff claimed that another individual negligently entrusted the vehicle to the driver because that individual knew or should have known that the driver would drive impaired. *Abramowitz v. Pipher*, No. 2963 Civ. 2006, 82 Pa. D. & C.4th 212, 2006 WL 4722437 (Mon. Cty. Pa. Com. Pl. Aug. 22, 2006); *Carra-Cielski v. Scrimalli*, No. 06 CV 2735 (Lacka Cty. Pa. Com. Pl. filed Aug. 18, 2009). Other courts have applied comment b in similar situations. For example, in *Waller Truck Co., Inc. v. Morton*, Civ. A. No. 13-2249-KHV, 2014 WL 5139723 (D. Kan. Oct. 10, 2014), the court applied comment b and concluded summary judgment on the plaintiff's negligent entrustment claim was improper because the plaintiff had presented sufficient evidence for a reasonable jury to find that the driver was not a competent driver and the owner of the vehicle knew or should have known of this fact. *Id.* at *2-3.

Plaintiff's negligent entrustment claim rests on the assertion that "because Ronald Verrochio, Jr. owned the vehicle and entrusted it to his son who then got into a motor vehicle accident because of potential impairment, the entrustment was negligent." (Doc. 8 ¶ 4;

9

Doc. 11 ¶ 4.)  As set out in Plaintiff's Complaint, the negligent entrustment claim includes language that Defendant Ronald Verrocio, Jr., "knew or should have known" that his son would drive in "a gross, reckless, wanton, negligent and careless manner" and would "use alcohol and/or illegal drugs before, during, and while driving said vehicle to the point that such alcohol and/or narcotics would render him incapable of safe operation of the motor vehicle." (Doc. 1 ¶ 26(a),(c).)  Relying on *Carra-Cielski*, Plaintiff states in his Answer to Defendants' motion that this claim is an issue for the jury in that Defendant Ronald Verrochio, Jr., knew or should have known that his son was incompetent or unfit to drive because Defendant Ronald Verrochio, III, had previously been charged with three separate drug related charges, including intent to possess a controlled substance and use/possession of drug paraphernalia. (Doc. 11 ¶ 5.)

Defendants argue that Plaintiff's negligent entrustment claim cannot succeed because, under Pennsylvania law, Plaintiff needs to show that Ronald Verrochio, III, was intoxicated when he received the keys from Ronald Verrochio, Jr., and this is not the situation here.  (Doc. 9 at 6-7.)  Defendants also assert that Plaintiff presents no appellate authority which would allow a jury to decide the issue of negligent entrustment based on allegations that a son had previously been charged with three separate drug related charges.  (Doc. 13 at 4.)  Criticizing Plaintiff's reliance on

10

*Carra-Cielski*, Defendants maintain that the Lackawanna County Court of Common Pleas case improperly expands the negligent entrustment cause of action. (Doc. 13 at 3-4 n.1.)

We are not persuaded by Defendants' argument that *Carra-Cielski* improperly expands the negligent entrustment cause of action. (Doc. 13 at 3-4 & n.1.) The appellate authority cited by Defendants--*Wertz, Robare*, and *Gibson* (Doc. 9 at 5-7)--does not address the situation outlined in comment b of the restatement, nor do the cases reject the basis of liability outlined therein. *Gibson*, which involved a father-son relationship, noted it was the plaintiff's position that the father was negligent in permitting his son to use and operate the vehicle "well knowing that he was intoxicated at the time." 178 A.2d at 146. If the plaintiff's position did not assert liability on a comment b theory, the court had no reason to address such liability. Thus, we cannot limit the negligent entrustment cause of action on the authority of this case or others which do not address a specific issue because the facts of the cases did not warrant such consideration.

We also find unavailing Defendants' argument that no appellate authority would allow a jury to decide a negligent entrustment claim based on allegations that a son had previously been charged with three separate drug related offenses. (Doc. 13 at 4.) Defendants present no appellate authority specifically *rejecting* such a claim. As set out above, our review of relevant authority

11

shows that not all negligent entrustment claims based on injury caused by an impaired driver require proof of impairment at the time of entrustment. Rather, claims for negligent entrustment have been allowed to proceed where the facts show that the driver's previous behaviors "are such as to give the actor good reason to believe that the third person may misuse [the vehicle entrusted]," Restatement (Second) of Torts § 308, comment b. *Abramowitz,* 2006 WL 4722437; *Carra-Cielski*, No. 06 CV 2735; *Waller Truck Co.*, 2014 WL 5139723.

Our conclusion that a negligent entrustment claim under comment b of Restatement § 308 need not show intoxication at the time of entrustment does not mean that Plaintiff has sufficiently pled such a claim. Although Plaintiff's Answer contains information about previous drug charges against Defendant Ronald Verrochio, III, (Doc. 11 ¶ 5), no such allegations are contained in the Complaint. "'It is axiomatic that the complaint cannot be amended by the briefs in opposition to a motion to dismiss.'" *Com. of Pa. ex rel. Zimmerman v. PepsiCo, Inc.*, 836 F.2d 173, 181 (3d Cir. 1988) (quoting *Car Carriers, Inc. v. Ford Motor Co.*, 745 F.2d 1101, 1107 (7th Cir. 1984)). The Complaint contains no factual allegations to support a negligent entrustment cause of action under any theory. Because information in Plaintiff's Answer does not satisfy his pleading burden, Plaintiff's claim for Negligent (Reckless) Entrustment is properly dismissed. However, we cannot say that amendment would be futile, and, therefore, we dismiss this

claim without prejudice.

### 3. **Count III - Negligent Supervision**

Defendants argue that Plaintiff's Negligent (Reckless) Supervision claim must be dismissed because there is no provision in Pennsylvania law which supports the proposition that a parent has a duty to control an adult child.  (Doc. 9 at 8.)  Plaintiff disagrees, citing *Brisbine v. Outside In School of Experiential Education, Inc.*, 799 A.2d 89 (Pa. Super. 2002).  (Doc. 11 at 3.) We conclude this claim is properly dismissed.

As explained in *Brisbine*,

> [g]enerally, there is no duty to control the acts of a third party unless the "defendant stands in a special relationship with either the person whose conduct needs to be controlled or in a relationship with the intended victim of the conduct, which give the intended victim a right to protection." [*Brezenski v. World Truck Transfer, Inc.*, 755 A.2d 36, 40 (Pa. Super. 2000)] (citing *Emerich v. Philadelphia Ctr. for Human Dev., Inc.*, 554 Pa. 209, 720 A.2d 1032 (1998)). *See also* Restatement (Second) of Torts § 315. A special relationship is limited to the relationships described in Sections 316-319 of the Restatement (Second) of Torts. *See Brezenski*, 755 A.2d at 40-41.  The enumerated relationships specified in the Restatement are a parent's duty to control a child (Section 316); a master's duty to control a servant (Section 317); a possessor of land's duty to control a licensee (Section 318); and the duty of those in charge of individuals with dangerous propensities to control those individuals (Section 319).  *See* Restatement (Second) of Torts §§ 316-319.

799 A.2d at 93.  Section 316, "Duty of Parent to Control Conduct of

13

Child," provides the following:

> A parent is under a duty to exercise reasonable care so to control his minor child as to prevent it from intentionally harming others or from so conducting itself as to create an unreasonable risk of bodily harm to them, if the parent
>
> (a) knows or has reason to know that he has the ability to control his child, and
>
> (b) knows or should know of the necessity and opportunity for exercising such control.

Restatement (Second) of Torts § 316.

Citing *Brisbine*, Plaintiff asserts Count III should go forward because a parent has a duty to control a child under Pennsylvania law. (Doc. 11 ¶ 10.) Plaintiff does not rely upon § 316 of the Restatement (Second) of Torts, recognizing that this section applies to minor children only. (Doc. 11 ¶ 11.) Other than a general reference to *Brisbine* (Doc. 11 ¶ 10), Plaintiff cites no authority to support the proposition that a parent has a duty to control his adult child and *Brisbine* does not support such a proposition.

*Brisbine* does not expand the duty of a parent to encompass supervision of adult children. Given the specific facts of the case, *Brisbine's* analysis focused on Section 319 of the Restatement (Second) of Torts, Duty of Those in Charge of Persons Having Dangerous Propensities. 799 A.2d at 89. Section 319 provides the following: "One who takes charge of a third person whom he knows or

14

should know to be likely to cause bodily harm to others if not controlled is under a duty to exercise reasonable care to control the third person to prevent him from doing such harm."

Although Plaintiff relies on *Brisbine*, he does not assert liability pursuant to Section 319 nor does he present facts which could give rise to its applicability.  Here Plaintiff neither points to this section nor presents facts which could give rise to its applicability.  Our review of the factual averments contained in Plaintiff's Complaint reveals no basis for a negligent supervision claim to go forward.  Therefore, Plaintiff's Negligent (Reckless) Supervision claim is properly dismissed.  This claim is dismissed without prejudice as we cannot say with absolute certainty that amendment would be futile.

### **III. Conclusion**

For the reasons discussed above, Defendants' Partial Motion to Dismiss Pursuant to F.R.C.P. 12(b)(6) (Doc. 8) is granted in part and denied in part.  The motion is granted insofar as the averments at issue are dismissed from Count I, Count II for Negligent (Reckless) Entrustment is dismissed, and Count III for Negligent (Reckless) Supervision is dismissed.  The motion is denied insofar as the dismissals are without prejudice rather than dismissals with prejudice requested by Defendants.  Plaintiff may file an amended complaint in accordance with the guidance set out above within

15

fourteen (14) days of the date of this Memorandum.  An appropriate Order is filed simultaneously with this Memorandum.

                                        S/Richard P. Conaboy
                                        RICHARD P. CONABOY
                                        United States District Judge

DATED: October 27, 2014