UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

DANIEL KAZLAUSKAS,                   :
                                     :CIVIL ACTION NO. 3:14-CV-1567
          Plaintiff,                 :
                                     :(JUDGE CONABOY)
          v.                         :
                                     :
RONALD VERROCHIO, III, and           :
RONALD VERROCHIO, JR.,               :
                                     :
          Defendants.                :
                                     :

---

## MEMORANDUM

Here we consider "Defendants' Partial Motion for [sic] Dismiss
Pursuant to F.R.C.P. 12(b)(6)" (Doc. 22) seeking dismissal of
portions of Plaintiff's Amended Complaint (Doc. 16) filed on
October 30, 2014.  Defendants filed their motion on November 11,
2014, and supporting brief (Doc. 23) on November 18, 2014.
Plaintiff filed his opposition brief (Doc. 24) on November 20,
2014.  Defendants filed a reply brief on November 26, 2014.  (Doc.
25.)  Therefore, this matter is fully briefed and ripe for
disposition.  For the reasons discussed below, we conclude
Defendants' motion is properly denied.

## I. Background

This action is based on a motor vehicle accident which took
place on August 11, 2012.  (Doc. 16 ¶ 5.)  Ronald Verrochio, III,
was operating a 2002 Dodge Durango owned by, and subject to the
control of, his father, Defendant Ronald Verrochio, Jr.  (*Id.*)
Plaintiff was a rear seat passenger when the vehicle went off the

road, collided with a tree, and traveled approximately another thirty feet before colliding with a utility pole.  (Doc. 16 ¶¶ 6, 10.)  The vehicle traveled another twenty feet before coming to a complete stop.  (Doc. 16 ¶ 10.)

As a result of the accident, Defendant Ronald Verrochio, III, was charged with seven violations: 1) Aggravated Assault by Vehicle While Driving Under the Influence, 75 Pa. C.S. § 3735.1; 2) Driving Under the Influence of Alcohol or Controlled Substance, 75 Pa. C.S. § 3802(a)(1); 3) Driving Under the Influence of Alcohol or Controlled Substance, Highest Rate of Alcohol, 75 Pa. C.S. § 3802(c); 4) Driving on Roadways Laned for Traffic, Driving Within Single Lane, 75 Pa. C.S. § 3309; 5) Driving Vehicle at Safe Speed, 75 Pa. C.S. § 3361; 6) Careless Driving, 75 Pa. C.S. § 3714; and 7) Reckless Driving, 75 Pa. C.S. § 3736.  (Doc. 16 ¶ 8.)

On March 7, 2013, Defendant Ronald Verrochio, III, pled guilty to Aggravated Assault by Vehicle While Driving Under the Influence, 75 Pa. C.S. § 3735.1, and Driving Under the Influence of Alcohol or Controlled Substance, Highest Rate of Alcohol, 75 Pa. C.S. § 3802(c).  (Doc. 16 ¶ 9.)  Other charges were non-prosed.  (*Id.*)

Plaintiff alleges injuries as a result of the accident, including a fractured humerus, and back and shoulder pain. (Doc. 16 ¶ 24.)  He asserts that some of his injuries "may be permanent into the future."  (Doc. 16 ¶ 23.)

Plaintiff also asserts that Defendant Ronald Verrochio, III,

2

has a long history involving both illegal drug and/or driving offenses of which Defendant Ronald Verrochio, Jr., was aware. (Doc. 16 ¶ 12.)   In 2003, Defendant Ronald Verrochio, III, was charged with the following in Lee County, Florida: operating a motor vehicle with a suspended license; possession of drug paraphernalia; and contempt of court for failure to appear at a hearing scheduled on possession and suspended license charges. (Doc. 16 ¶ 13(1)-(3).)   In 2008, Defendant Ronald Verrochio, III, was arrested and charged with three drug related charges: 35 P.S. § 780-113(16), knowing or intentionally possessing a controlled substnace; 18 P.S. § 903, Criminal Conspiracy; and 35 P.S. § 780-113, the use of, or possession with intent to use, drug paraphernalia.  (Doc. 16 ¶ 13(4).)   He pled guilty to some or all of the offenses on January 9, 2009.  (*Id.*)

Following the accident at issue here, Defendant Ronald Verrochio, III, was charged with a speeding violation (November 7, 2012) and Disorderly Conduct (March 17, 2013).  (Doc. 16 ¶ 14.)

Plaintiff's Amended Complaint contains three counts: Count I against Defendant Ronald Verrochio, III, alleging "gross, reckless, careless, negligent and indifferent conduct" (Doc. 16 ¶ 30); Count II against Defendant Ronald Verrochio, Jr., for "Negligent (Reckless) Entrustment" (*id.* at 9); and Count III against Defendant Ronald Verrochio, Jr., for "Negligent (Reckless) Supervision" (*id.* at 10).

Defendants seek to dismiss Counts II and III, thereby removing Defendant Donald Verrochio, Jr., from the action.  (Doc. 22 at 9.) In the alternative, Defendants request that paragraphs 33(e), 33(g), 36(e) and 36(g) of the Amended Complaint be dismissed on the grounds they are conclusory and fail to state a claim, and paragraphs 33(a) and 36(a) be dismissed in that they are unsupported claims for punitive damages.  (Doc. 22 ¶¶ 19, 20, 25, 26.)  Defendants also request that the Court strike Plaintiff's allegation that Defendant Ronald Verrochio, Jr., is vicariously liable for the actions of his son found in paragraph 18 of the Amended Complaint.  (Doc. 22 at 9.)

## II. Discussion

### A. Motion to Dismiss Standard

In a motion to dismiss for failure to state a claim, the defendant bears the burden of showing that no claim has been presented.  *Hedges v. United States*, 404 F.3d 744, 750 (3d Cir. 2005) (citing *Kehr Packages, Inc. v. Fidelcor, Inc.*, 926 F.2d 1406, 1409 (3d Cir. 1991)).  Courts are directed to "accept all factual allegations as true, construe the complaint in the light most favorable to the plaintiff, and determine whether, under any reasonable reading of the complaint, the plaintiff may be entitled to relief."  *Phillips v. County of Allegheny*, 515 F.3d 224, 233 (3d Cir. 2008).

When reviewing a complaint pursuant to a defendant's motion to

4

dismiss for failure to state a claim filed under Federal Rule of Civil Procedure 12(b)(6), the court does so in the context of the requirement of Federal Rule of Civil Procedure 8(a)(2) which requires only "a short and plain statement of the claims showing that the pleader is entitled to relief."  The "short and plain statement" must be sufficient to "give the defendant fair notice of what the plaintiff's claim is and the grounds upon which it rests." *Conley v. Gibson*, 355 U.S. 41, 47 (1957), *abrogated on other grounds by Bell Atlantic Corp. v. Twombly*, 550 U.S. 433 (2007). *Twombly* confirmed that more is required than "labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do."  550 U.S. at 555 (citing *Papasan v. Allain*, 478 U.S. 265, 286 (1986) (on a motion to dismiss, courts "are not bound to accept as true a legal conclusion couched as a factual allegation")).  "Factual allegations must be enough to raise a right to relief above the speculative level on the assumption that all allegations in the complaint are true (even if doubtful in fact)."  550 U.S. at 555 (citations omitted).

In *McTernan v. City of York*, 577 F.3d 521, 530 (3d Cir. 2009), the Third Circuit Court of Appeals set out the standard applicable to a motion to dismiss in light of the United States Supreme Court's decisions in *Twombly*, 550 U.S. 433 (2007), and *Ashcroft v. Iqbal*, 556 U.S. 662, 129 S. Ct. 1937(2009).

> "[T]o survive a motion to dismiss, a
> complaint must contain sufficient factual

5

> matter, accepted as true to 'state a claim
> that relief is plausible on its face.'"
> *Iqbal*, 129 S.Ct. at 1949 (citing *Twombly*, 550
> U.S. at 570).  The Court emphasized that
> "only a complaint that states a plausible
> claim for relief survives a motion to
> dismiss."  *Id.* at 1950.

*McTernan,* 577 F.3d at 530.  *Iqbal* explained that "[a] claim has

facial plausibility when the plaintiff pleads factual content that

allows the court to draw the reasonable inference that the

defendant is liable for the misconduct alleged."  556 U.S. at 678;

129 S. Ct. at 1949.

*McTernan* discussed the effects of *Twombly* and *Iqbal* in detail

and provided a road map for district courts presented with a motion

to dismiss for failure to state a claim in a case filed just a week

before *McTernan*, *Fowler v. UPMC Shadyside*, 578 F.3d 203 (3d Cir.

2009).

> [D]istrict courts should conduct a two-part
> analysis.  First, the factual and legal
> elements of a claim should be separated.  The
> District Court must accept all of the
> complaint's well-pleaded facts as true, but
> may disregard any legal conclusions. [*Iqbal*,
> 129 S. Ct.] at 1949.  Second, a District
> Court must then determine whether the facts
> alleged in the complaint are sufficient to
> show that the plaintiff has a "plausible
> claim for relief."  *Id.* at 1950.  In other
> words, a complaint must do more than allege a
> plaintiff's entitlement to relief.  A
> complaint has to "show" such an entitlement
> with its facts.  *See Philips* [*v. Co. of
> Alleghany*], 515 F.3d [224,] 234-35 [(3d
> Cir.2008 )].  As the Supreme Court instructed
> in *Iqbal*, "[w]here the well-pleaded facts do
> not permit the court to infer more than the
> mere possibility of misconduct, the complaint

6

> has alleged--but it has not 'show[n]'--'that
> the pleader is entitled to relief.'" *Iqbal*,
> 129 S. Ct. at 1949.  This "plausibility"
> determination will be "a context-specific
> task that requires the reviewing court to
> draw on its judicial experience and common
> sense."  *Id.*

*Fowler*, 578 F.3d at 210-11.

Finally, the district court must extend the plaintiff an opportunity to amend before dismissing a complaint unless amendment would be inequitable or futile.  *See Grayson v. Mayview State Hosp.*, 293 F.3d 103, 108 (3d Cir. 2002).

**B.   *Defendants' Motion***

**1.   Count II - Negligent Entrustment**

Defendants contend that Plaintiff's Negligent (Reckless) Entrustment claim against Defendant Ronald Verrochio, Jr., must be dismissed because the pleaded facts provide no reasonable basis for Defendant Ronald Verrochio, Jr., to believe his son would drive the vehicle in an alleged dangerous or unsafe manner on the night of the incident.  (Doc. 23 at 6.)  Plaintiff maintains he has pled sufficient facts to support the claim and Defendants' motion should be denied.  (Doc. 24 at 7-10.)  We conclude that Plaintiff's Amended Complaint contains minimally sufficient allegations to survive Defendants' motion.

Pursuant to Section 308 of the Restatement (Second) of Torts

> [i]t is negligent to permit a third person to
> use a thing or to engage in an activity which
> is under the control of the actor, if the
> actor knows or should have known that such

7

> person intends or is likely to use the thing
> or conduct himself in the activity in such a
> manner as to create an unreasonable risk of
> harm to others.

Restatement (Second) of Torts § 308.  Comment b of § 308 states in relevant part that the rule applies

> where the actor entrusts a thing to a third
> person . . . if the actor knows that the
> third person intends to misuse it, or if the
> third person's known character or the
> peculiar circumstances of the case are such
> as to give the actor good reason to believe
> that the third person may misuse it.

Restatement (Second) of Torts § 308, comment b.

As set out in the Court's previous Memorandum discussing this issue,

> decisions from Courts of Common Pleas in
> Pennsylvania have applied comment b to
> factual scenarios in which a plaintiff was
> injured in a motor vehicle accident where the
> driver was impaired, i.e, the plaintiff
> claimed that another individual negligently
> entrusted the vehicle to the driver because
> that individual knew or should have known
> that the driver would drive impaired.
> *Abramowitz v. Pipher*, No. 2963 Civ. 2006, 82
> Pa. D. & C.4th 212, 2006 WL 4722437 (Mon.
> Cty. Pa. Com. Pl. Aug. 22, 2006); *Carra-
> Cielski v. Scrimalli*, No. 06 CV 2735 (Lacka
> Cty. Pa. Com. Pl. filed Aug. 18, 2009).
> Other courts have applied comment b in
> similar situations.  For example, in *Waller
> Truck Co., Inc. v. Morton*, Civ. A. No. 13-
> 2249-KHV, 2014 WL 5139723 (D. Kan. Oct. 10,
> 2014), the court applied comment b and
> concluded summary judgment on the plaintiff's
> negligent entrustment claim was improper
> because the plaintiff had presented
> sufficient evidence for a reasonable jury to
> find that the driver was not a competent
> driver and the owner of the vehicle knew or

should have known of this fact. *Id.* at *2-3.
(Doc. 14 at 9.)  After concluding that a negligent entrustment
claim under comment b of Restatement § 308 need not show
intoxication at the time of entrustment, the Court found that
Plaintiff had not pled sufficient facts in his Complaint to proceed
on such a theory but also concluded that we could not say amendment
would be futile.  (Doc. 14 at 12.)

Plaintiff's Amended Complaint adds factual averments about
past conduct of Defendant Ronald Verrochio, III.  Plaintiff points
to the 2003 and 2008 arrests related to controlled substances and
driving with a suspended license, asserting that Defendant Ronald
Verrochio, Jr., was fully aware of his son's past history and
behavior and allowed his son to use his vehicle when he knew or
should have known that he may become intoxicated or under the
influence of alcohol or illegal narcotics to a degree that would
render him incapable of safe driving.  (*See*, *e.g.*, Doc. 16 ¶¶ 13,
15).

Defendants maintain that the allegations of prior drug
offenses contained in the Amended Complaint cannot be used to
charge Defendant Ronald Verrochio, Jr., with knowledge for purposes
of a negligent entrustment claim.  (Doc. 23 at 7.)  They add that

> [t]his is especially true in the instant
> matter as there is no nexus between the past
> offenses, occurring several years prior to
> the incident and the incident in question.
> Plaintiff's allegations are insufficient to
> substantiate that Mr. Verrochio's son engaged

9

in any type of repetitive course of conduct
involving drug use or that he had any
propensity to drive recklessly or while under
the influence of drugs or alcohol. . . .

. . . .

It is important to note that none of the
son's prior violations involve negligent
driving or driving under the influence.
Thus, it necessarily follows that these old,
unrelated offenses are not sufficient to put
Ronald Verrochio, Jr. on notice that his son
had any alleged tendency or disposition to
drive carelessly and/or while under the
influence of an intoxicating substance.

(Doc. 23 at 7-8 (citations omitted).)

We agree that the prior violations of Ronald Verrochio, III,
which occurred in 2003 and 2008, are not sufficient in and of
themselves to give his father "good reason to believe" that his son
would misuse the vehicle in 2012.  *See* Restatement (Second) of
Torts § 308, comment b.  However, in determining whether dismissal
is appropriate, we must also look at reasonable inferences which
may be drawn from the allegations in the Amended Complaint and,
considered in the light most favorable to Plaintiff, decide whether
Plaintiff presents a plausible claim for relief--a context specific
inquiry requiring us to draw on experience and common sense.
*Iqbal*, 556 U.S. at 678-79, 129 S. Ct. at 1949-50 (citations
omitted).  Keeping in mind the federal notice pleading standard, we
conclude the conduct of Ronald Verrochio, III, before, during, and
after the accident at issue is sufficiently problematic to raise
the inference that Defendant Ronald Verrochio, III, *may have*

10

engaged in a repetitive course of conduct involving drug/alcohol use and/or reckless driving and the further inference that, *if* such conduct existed, his father (with whom he lived) would or should have known about it.[1]  Thus, though very thin, Plaintiff has presented enough to be allowed to proceed to discovery and explore these issues.  In the absence of evidence of such a course of conduct, Plaintiff's claim for negligent entrustment would be properly raised in a motion for summary judgment.[2]

## 2.    Count III - Negligent Supervision

---

[1] Only conduct preceding the accident is relevant to notice. However, from a common-sense perspective, accident-related conduct and later arrests support an inference that Defendant Ronald Verrochio, III, *may have* engaged in ongoing patterns of problematic behavior.

[2] Defendants point to factual distinctions between this case and those which have considered negligent entrustment in the context where a plaintiff claimed that another individual negligently entrusted the vehicle to the driver because that individual knew or should have known that the driver would drive impaired.  (Doc. 23 at 7-11 (citing *Waller Truck Co., Inc. v. Morton*, Civ. A. No. 13-2249-KHV, 2014 WL 5139723 (D. Kan. Oct. 10, 2014)*; O'Loughlin v. Hunger*, Civ. A. No. 07-1860, 2009 WL 1084198 (E.D. Pa. April 21, 2009)*; Magg v. Stoltzfus*, Nos. 98-CV-4336, 99-CV-3423, 2000 WL 1578498 (E.D. Pa. Oct. 17, 2000); *Carra-Cielski v. Scrimalli*, No. 06 CV 2735 (Lackawanna Cty. Pa. Com. Pl. filed Aug. 18, 2009) *Abramowitz v. Pipher*, No. 2963 Civ. 2006, 82 Pa. D. & C.4th 212, 2006 WL 4722437 (Monroe Cty. Pa. Com. Pl. Aug. 22, 2006)).)  Importantly, all but *Abramowitz* were decided on summary judgment.  Further, the distinction Defendants cite between our case and *Abramowitz*--allegations of chronic use of pain medication or other substances--is not dispositive.  Although the complaint in *Abramowitz* specifically referred to a chronic problem, as discussed in the text, here (giving Plaintiff's Amended Complaint a very liberal reading) the inference of problematic substance usage can be derived from allegations regarding previous arrests and those associated with the incident at issue.

Defendants argue that Plaintiff's Negligent (Reckless) Supervision claim must be dismissed because the Amended Complaint contains no allegations that Defendant Ronald Verrochio, Jr., controlled or "took charge" of his adult son during the relevant time period.  (Doc. 23 at 13.)  Though an even closer call than the Negligent Entrustment claim, we conclude that Plaintiff's Amended Complaint contains *minimally* sufficient allegations to survive Defendants' motion.

As explained in *Brisbine v. Outside In School of Experiential Education, Inc., 799 A.2d 89, 93 (Pa. Super. 2002)*,

> [g]enerally, there is no duty to control the acts of a third party unless the "defendant stands in a special relationship with either the person whose conduct needs to be controlled or in a relationship with the intended victim of the conduct, which give the intended victim a right to protection." *[Brezenski v. World Truck Transfer, Inc.*, 755 A.2d 36, 40 (Pa. Super. 2000)] (citing *Emerich v. Philadelphia Ctr. for Human Dev., Inc.*, 554 Pa. 209, 720 A.2d 1032 (1998)). *See also* Restatement (Second) of Torts § 315. A special relationship is limited to the relationships described in Sections 316-319 of the Restatement (Second) of Torts.  *See Brezenski*, 755 A.2d at 40-41.

799 A.2d at 93.  Section 319 addresses the duty of those in charge of individuals with dangerous propensities to control those individuals: "One who takes charge of a third person whom he knows or should know to be likely to cause bodily harm to others if not controlled is under a duty to exercise reasonable care to control the third person to prevent him from doing such harm."  Restatement

(Second) of Torts § 319.  Comment a to § 319 states the following:

> The rule in this section applies in two situations.  The first situation is one in which the actor has charge of one or more of a class of persons to whom the tendency to act injuriously is normal.  The second situation is one in which the actor has charge of a third person who does not belong to such a class but who has a peculiar tendency so to act of which the actor from personal experience or otherwise knows or should know.

Restatement (Second) of Torts § 319, comment a.

Defendants' argument that the Amended Complaint contains no allegations that Defendant Ronald Verrochio, Jr., controlled or took charge of his son during the relevant time period (Doc. 23 at 12-14) is countered with Plaintiff's argument that Ronald Verrochio, III, had dangerous propensities, lived with his father, and drove his car regularly.  (Doc. 24 at 10-12.)

Although the Court concludes this claim is not well pled and is, at best, extremely thin, we will allow it to go forward for reasons similar to those stated regarding Plaintiff's negligent entrustment claim.

## 3.  **Vicarious Liability**

Defendants aver that paragraph 18 makes general allegations that Ronald Verrochio, Jr., is vicariously liable for the actions of his son without alleging facts that an employer-employee or a master-servant relationship existed, citing *Breslin by Breslin v. Ridarelli*, 454 A.2d 80, 82-83 (Pa. Super. 1982), for the

proposition that a defendant cannot be vicariously liable in the absence of a master-servant relationship.  (Doc. 23 at 4-5.) Plaintiff asserts that Defendants have waived this defense pursuant to Federal Rule of Civil Procedure 12(g)(2).

Rule 12(g)(2) provides that, except in certain circumstances, "a party that makes a motion under this rule must not make another motion under this rule raising a defense or objection that was available to the party but omitted from its earlier motion."

Paragraph 18 states the following:

> Defendant Ronald Verrochio, Jr. is vicariously liable for the actions of his son, Defendant Ronald Verrochio, III and acted with reckless indifference and/or was negligent in the entrustment of said vehicle to Defendant Ronald Verrochio, III and was reckless and/or was negligent in his supervision of Defendant, Ronald Verrochio, III's operation of the motor vehicle.

(Doc. 16 ¶ 18.)

To Plaintiff's argument that the vicarious liability issue has been waived, Defendants reply that "if the father is out of the case, there is no vicarious liability."  (Doc. 25 at 2.)  While we agree in principle, the argument fails because Defendant Ronald Verrochio, Jr., is not out of the case.

The Court concludes Plaintiff's Amended Complaint does not contain a count for vicarious liability.  Paragraph 18 contains only a conclusory allegation regarding vicarious liability that is of no legal significance.  Therefore, further discussion of this

14

issue is not warranted.

## 4.   Punitive Damages

Defendants alternatively argue that if Ronald Verrochio, Jr., is not dismissed from the aciton, Plaintiff's claim for punitive damages against him should be dismissed.  (Doc. 23 at 14.)  Because we allow the negligent entrustment and negligent supervision claims to go forward, any decision on the issue of the degree of culpability of Defendant Ronald Verrochio, Jr., *if any*, would be premature.

## 5.   Paragraph 33(e) and (g) and Paragraph 36(e) and (g)

Defendants assert that Paragraph 33(e) and (g) and Paragraph 36(e) and (g) of Plaintiff's Amended Complaint should be dismissed for failure to state a claim upon which relief can be granted. (Doc. 23 at 16.)

Paragraphs 33(e) and 36(e) assert that the basis for liability against Defendant Ronald Verrochio, Jr., may include "[a]llowing Defendant Ronald Verrochio, III, to drive his vehicle in a gross, wanton, careless, and negligent manner as may be determined through the course of discovery."  Defendants maintain that the allegations that Ronald Verrochio, III, conducted himself in a manner which may be determined through the course of discovery, is vague and does not put defendant on notice of the claims against which he must defend.  (Doc. 23 at 16.)

15

We agree that these allegations are vague and conclusory. They are thus not considered factual support for the claims at issue.  However, legal conclusions related to elements of a claim--though disregarded as factual support for the claim--provide context for the facts pleaded.  Averments which provide legal framework for a claim are acceptable if supported by factual allegations.  *See Iqbal*, 556 U.S. at 679.  In this case, the allegations contained in paragraphs 33(e) and 36(e) standing alone do not state a claim, but we do not find that they are intended to do so in isolation.  Pre-discovery legal averments are often necessarily vague and, as Defendants properly recognize, need only be sufficient to put them on notice of the claims against them. Here the federal notice pleading standard is minimally met for Counts II and III--Defendant Ronald Verrochio, Jr., must defend against claims of negligent entrustment and negligent supervision based on what he may have or should have known about his son's pre-accident conduct.

Paragraphs 33(g) and 36(g) assert that the basis for liability against Defendant Ronald Verrochio, Jr., may include "[o]therwise allowing Defendant Ronald Verrochio, III, to operate his vehicle in violation of the statutes of the Commonwealth of Pennsylvania and/or the ordinances of Wayne County."  Defendants assert that the statutes have not been specifically identified.  (Doc. 23 at 16.)

Plaintiff's Amended Complaint identifies Pennsylvania

statutory provisions violated by Defendant Ronald Verrochio, III, in the course of the accident at issue and incorporates this information by reference into Counts II and III against Defendant Ronald Verrochio, Jr.  (Doc. 16 ¶¶ 8, 31, 34.)  Therefore, the Court concludes Defendants are on sufficient notice of the claims against them contained in paragraphs 33(g) and 36(g).

### III. Conclusion

For the reasons set out above, "Defendants' Partial Motion for [sic] Dismiss Pursuant to F.R.C.P. 12(b)(6)" (Doc. 22) is denied. An appropriate Order is filed simultaneously with this Memorandum.


S/Richard P. Conaboy
RICHARD P. CONABOY
United States District Judge

17